**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy D. Lang and Heidi Lang,<br><br>Plaintiffs,<br><br>v.<br><br>County of Maricopa, et al.,<br><br>Defendants. | No. CIV 15-182-PHX-DGC<br><br>**ORDER** |

The Court held a telephone conference with the parties on November 13, 2015. Plaintiffs filed a motion to amend their complaint on November 9, 2015 (Doc. 20), after the telephone conference was scheduled and almost three months after the deadline for amending pleadings (Doc. 16 at 1). The parties also revealed during the conference that Plaintiffs failed to comply with their expert disclosure deadline of September 25, 2015, and Defendants failed to comply with their expert disclosure deadline of November 9, 2015. The Court must decide whether to extend any of these deadlines.

Deadlines established in a case management order may "be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm. Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609; *see also Coleman v. Quaker Oats Co.*, 232 F.3d

1271, 1294 (9th Cir. 2000). Where that party has not been diligent, good cause has not been shown and the inquiry ends. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 609.

Plaintiffs filed their initial complaint on September 18, 2014, and an amended complaint on January 16, 2015. Doc. 1-1. After this case had been assigned to a magistrate judge and one of the parties, on April 16, 2015, declined to consent to magistrate judge jurisdiction (Doc. 9), this Court scheduled a Rule 16 case management conference (Doc. 12). The Court's order explained that the Court would establish a litigation schedule at the case management conference and provided this direction: "The Court fully intends to enforce the deadlines in the Case Management Order. The parties should plan their litigation activities accordingly." Doc. 12 at 5.

The case management conference was held on June 16, 2016. Doc. 15. During the conference, the Court discussed with the parties several potential defects in Plaintiffs' amended complaint that were raised by Defendants in the parties' Rule 26(f) report. *See* Doc. 13 at 9. To avoid the time and delay of briefing these issues, if possible, the Court instructed Plaintiffs' counsel to review the issues raised by Defendants and confer with defense counsel "in a week or two." Court's Livenote Transcript, 6/16/15. If the disagreements concerned a matter of pleading form, the Court encouraged the parties to stipulate that Plaintiffs could re-plead their claims to avoid the pleading problems, thereby avoiding the need for a motion to dismiss followed by further amendments. If the parties could not reach agreement, the Court directed the parties to schedule a conference call with the Court, explaining that the Court would set a briefing schedule to resolve these matters in "short order." *Id.* The Court then set a litigation schedule which provided that "[t]he deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order." Doc. 16, ¶ 2 (emphasis in original).

Plaintiffs did not follow the Court's direction. It appears that Plaintiffs' counsel made no effort to discuss these issues with defense counsel within "a week or two" as the

1. Court had directed. Instead, as defense counsel explained during the November 13, 2015 conference call, Plaintiffs' counsel first sent Defendants a proposed second amended complaint on August 26, after the 60-day deadline for amending pleadings had passed. Plaintiffs never contacted the Court for a conference as directed, but instead waited until November 9, 2015 to file their motion to amend. This not only was almost three months after the amendment deadline, it was more than a month after Plaintiffs' unsatisfied deadline for serving expert reports.

Plaintiffs' counsel stated during the conference call that the delay was due to post traumatic stress suffered by his client. But Plaintiff did not raise this issue with the Court before the amendment deadline passed, provided no support for this assertion, and failed to explain how the client's stress interfered with the ability of Plaintiffs' counsel to address the primarily legal issues identified during the case management conference.

The Court concludes that the amendment deadline, which fell some 11 months after this case was filed, could have been met through reasonable diligence. In addition to the fact that Plaintiffs have already amended their complaint once, Plaintiffs knew of the pleading issues after the case management conference in June, were specifically directed by the Court to address them promptly, disregarded the Court's direction, and waited until almost three months after the amendment deadline before seeking leave to file a second amended complaint. Plaintiffs have failed to show that they were diligent and therefore have failed to show good cause for an extension of the amendment date. *Johnson*, 975 F.2d at 609. Plaintiffs' motion to amend will be denied. Their amended complaint remains the operative pleading in this case.

Plaintiffs likewise have not shown good cause for failing to comply with their expert disclosure deadline. The September 25, 2015 deadline was proposed by the parties. *See* Doc. 13 at 8. The Court's case management order adopted the parties' proposed expert schedule and specifically stated that Plaintiffs were required to provide "full and complete expert disclosures" by this date. Doc. 16, ¶ 5(a). The order emphasized, as had the order setting the case management conference, that this deadline

was real and would be enforced by the Court.  *See* Doc. 16, ¶ 9.  Plaintiffs have not shown that they were unable to meet this deadline through reasonable diligence.  Because the date fell more than a year after the filing of this case and the need for expert reports has been clear from the beginning, the Court concludes that the deadline could have been satisfied through reasonable diligence.  Plaintiffs therefore have failed to show good cause and the deadline will not be extended.  Fed. R. Civ. P. 16(b)(4).  Plaintiffs have missed their opportunity to serve initial expert reports.

Defendants have also missed their expert deadline, but their situation is different.  The November 13 conference call was scheduled on November 5, 2015, before Defendants' deadline had arrived.  Doc. 19.  In addition, Defendants explained during the conference call that they did not receive Plaintiffs' medical records until one week before the call.  Because Defendants could not have prepared expert reports before receiving the medical records, and they sought relief from the Court before their expert deadline passed, Defendants have shown good cause and the Court will extend their expert deadline to **December 22, 2015**.  Rebuttal expert reports will be due on **January 21, 2016**.  Expert depositions shall be completed by **February 26, 2016**.  All other terms of the Court's case management order (Doc. 16) remain in effect.

**IT IS ORDERED** that Plaintiffs' motion for leave to amend (Doc. 20) is **denied**.

Dated this 16th day of November, 2015.

_____
David G. Campbell
United States District Judge